United States District Court
Southern District of Texas
**ENTERED**
August 27, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIUS LAMUNN NORTH, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-04067 |
| | § | |
| HARRIS CENTRAL APPRAISAL | § | |
| DISTRICT, | § | |
|     Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Dismiss filed by Defendant Harris Central Appraisal District ("HCAD"). (Dkt. 10). Having carefully reviewed the complaint, motion, and applicable law, the Court **GRANTS** the motion.

## FACTUAL BACKGROUND

This case arises out of Plaintiff Julius North's ("North") claim that he is entitled to a tax refund. North asserts that "[i]n law, taxes are merely a voluntary contribution and are not required under any law" and that he is a "beneficiary and sovereign" in this case "on special divine appearance" to "settle a private debt matter." (Dkt. 6 at 1, 6). North alleges that he went to the "SPRING ISD tax office to get a refund in late 2022" and was told that he could be refunded once HCAD "removed the property from their records." (Dkt. 6 at 6). He met with HCAD and alleges there was an "agreement" established between himself and HCAD. (Dkt. 6 at 6–7). Either before or after this meeting, HCAD "called the building security police on [North]" "because of his race, age, religion, and ethnicity." (Dkt. 6 at 11; *see* Dkt. 6 at 6).

1

HCAD removed North's name from the property but kept the property in the system "violating the terms of the agreement" (Dkt. 6 at 7) and refuses to refund North (Dkt. 6 at 8). North "made it clear" to HCAD that it should "cease and desist and remove the property," that "any further action required by [North] dealing with the property [would] be a crime," and that North had a $10,000/hour fee schedule "to continue to go back and forth" with HCAD. (Dkt. 6 at 7). North gave HCAD a deadline to remove the property from its records or pay a $2,000,000 penalty annually. (Dkt. 6 at 10). He believes HCAD is "contractually obligated" to pay that penalty and alleges that HCAD has refused to pay his invoices for $24,000 (per the above-noted fee schedule). (Dkt. 6 at 9–10).

North further alleges that HCAD "conspired with others" "for financial gain" and to deprive North of his rights as a property owner by engaging in "side dealings and contracts with other agencies" to "sell[] interest in the property" or "pretend [to] ha[ve] interest in the property" without North's consent and without compensating North. (Dkt. 6 at 7–8, 24–25; *see* Dkt. 6 at 13). He also alleges that HCAD refused to provide, lied about, or concealed various information relating to the property, its taxation, and the taxing scheme generally. *See* Dkt. 6 at 9, 12, 14, 16, 22–23); *see, e.g.*, Dkt. 6 at 18 ("The Defendant lied to its employees and gave them a script to read when questioned about the taxes, to provide lies to the home owners, knowing they would never read the tax code, nor be able to justify their actions.").

In his Complaint, North asserts claims for violations of his "natural" and "God Given" rights as well as for violations of federal and state law. He seeks monetary and injunctive relief. In the pending motion, HCAD argues, among other things, that there is

no private right to enforce penal statutes, there is no private right to enforce 34 U.S.C. §

12601, and North has failed to state a claim under 42 U.S.C. § 1983. The Court considers

HCAD's arguments below.

## LEGAL STANDARD

### I.      Federal Rule of Civil Procedure 12(c)

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). Defendant has filed a motion for judgment on the pleadings pursuant to

Federal Rule of Civil Procedure 12(c). The standard for dismissal under Rule 12(c) is the

same as that for dismissal for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). A complaint can be

dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true

and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible

on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011);

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that
> allows the court to draw the reasonable inference that the defendant is liable for the
> misconduct alleged. This includes the basic requirement that the facts plausibly
> establish each required element for each legal claim. However, a complaint is
> insufficient if it offers only labels and conclusions, or a formulaic recitation of the
> elements of a cause of action.

*Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations

omitted).

3

Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *see also Payton v. United States*, 550 Fed. App'x 194, 195 (5th Cir. 2013) (affirming dismissal of *pro se* complaint that "failed to plead with any particularity the facts that gave rise to [the plaintiff's] present cause of action") ("[T]he liberal *pro se* pleading standard still demands compliance with procedural standards.").

When considering a motion to dismiss, a district court generally may not go outside the pleadings. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). The court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

4

## ANALYSIS

### II.        God Given Rights and Natural Rights

North alleges violations of his "God Given Rights" (and specifically that HCAD violated "the Trust of the Plaintiff") and his "Natural Rights," which he defines as "rights granted to all people by nature or God that cannot be denied or restricted by any government or individual." (Dkt. 6 at 13, 26). He does not, however, provide any more insight into what those rights are except to explain that "[w]hen the authors of the U.S. Declaration of Independence spoke of all people being endowed with 'unalienable Rights,' such as 'Life, Liberty and the pursuit of Happiness,' they were confirming their belief in the existence of 'natural rights.'" (Dkt. 6 at 26). But the Declaration of Independence is not a statement of law and does not grant enforceable rights. *Rywelski v. Biden*, No. 23-5099, 2024 WL 1905670, at *2 (10th Cir. May 1, 2024). These claims are thus dismissed.

### III.        18 U.S.C. § 242 and 34 U.S.C. § 12601

Though North attempts to do so, he cannot bring claims under either 18 U.S.C. § 242 or 34 U.S.C. § 12601.

18 U.S.C. § 242 is a criminal statute that does not provide a private cause of action. *Johnson v. Kegans*, 870 F.2d 992, 1005 (5th Cir. 1989). And only "the Attorney General, for or in the name of the United States" may bring a claim under 34 U.S.C. § 12601. 34 U.S.C. § 12601(b); *Chaney v. Races & Aces*, 590 F. App'x 327, 330 (5th Cir. 2014) (per curiam) (explaining that a claim under 34 U.S.C. § 12601 (formerly codified at 42 U.S.C. § 14141) may only be brought by the Attorney General, for or in the name of the United States); *see Steinhardt v. Bernardsville Police Dep't*, No. 20-2825, 2021 WL 3929321, at

*2 n.2 (3d Cir. Sept. 2, 2021) (34 U.S.C. § 12601 "contain[s] no private right of action"); *Huerta v. Garcia*, No. CIV.A. B-07-39, 2007 WL 3120128, at *4 (S.D. Tex. Oct. 23, 2007) (34 U.S.C. § 12601 (formerly codified at 42 U.S.C. § 14141) "can not provide Plaintiffs with a private cause of action").

Accordingly, North's claims under both statutes are dismissed with prejudice.

## IV.        42 U.S.C. § 1983

North alleges "violations by Defendant of 42 U.S.C. § 1983" and specifically that HCAD "conspired with others to allege interest in the property to steal the liberties of the Plaintiff" and denied his "right to contract" (Dkt. 6 at 13). He also alleges that HCAD violated the Fourth Amendment "[b]y selling interest in the property." (Dkt. 6 at 25). And though North did not specifically include a claim for discrimination in the "Violations" section of his Complaint, the Court liberally construes the Complaint to include such a claim as North mentions "racial discrimination" and "civil rights violations" in the Complaint's opening paragraphs and alleges in the "Factual Background" section that HCAD called security officers to confront him because of his race, age, religion, and ethnicity.

To the extent North is challenging whether a tax should have been assessed, how much his property should be taxed, and whether he is entitled to a refund, his claims are barred by the Tax Injunction Act. His remaining claims fail because a governmental entity can be held liable for civil rights violations only under Section 1983, and North has not stated a claim under Section 1983.

— *Tax Injunction Act (28 U.S.C. § 1341)*

This Court cannot exercise jurisdiction over North's claims regarding taxation of his property and his entitlement to a tax refund.

The Tax Injunction Act (TIA) "prohibits the federal district court from exercising jurisdiction over a suit to 'enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State.'" *Clark v. Andrews Cnty. Appraisal Dist.*, 76 F. App'x 525, 526 (5th Cir. 2003) (quoting 28 U.S.C. § 1341). "[I]n enacting the TIA, Congress trained its attention on taxpayers who sought to avoid paying their tax bill by pursuing a challenge route other than the one specified by the taxing authority." *Hibbs v. Winn*, 542 U.S. 88, 104–05 (2004). "[T]he statute 'is meant to be a broad jurisdictional impediment to federal court interference with the administration of state tax systems.'" *Washington v. Linebarger, Goggan, Blair, Pena & Sampson, LLP*, 338 F.3d 442, 444 (5th Cir. 2003) (quoting *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir. 1979)); *see Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) ("The act imposes drastic limitations on the federal judiciary's ability to meddle with a local concern as important and sensitive as the collection of taxes.").

"State taxation, for § 1341 purposes, includes local taxation." *Hibbs*, 542 U.S. at 100 n.1; *see Home Builders Ass'n of Mississippi, Inc.*, 143 F.3d at 1010 n.6 ("It is well-settled that the statute applies not only to taxes imposed by states, but also to those imposed by municipalities."). It is also "well-settled that the statute applies to actions . . . in which

the plaintiff seeks a refund of taxes it has already paid." *Home Builders Ass'n of Mississippi, Inc.*, 143 F.3d at 1010 n.6 (citing *Pendleton v. Heard*, 824 F.2d 448, 451 (5th Cir. 1987)); *Hibbs*, 542 U.S. at 106 (explaining that "plaintiffs who mounted federal litigation to avoid paying state taxes (or to gain a refund of such taxes)" all "fall within § 1341's undisputed compass"). Additionally, "[b]asing a complaint upon alleged violation of civil rights, 28 U.S.C. § 1343[ (a) ](3) and 42 U.S.C. § 1983 or of the Federal Constitution will not avoid the prohibition contained in Section 1341." *Clark v. Andrews Cnty. Appraisal Dist.*, 251 F. App'x 267, 268 (5th Cir. 2007) (alteration in original); *see Hammonds v. Dallas Cnty.*, 815 F. App'x 787, 788 (5th Cir. 2020) (finding the TIA applied even though plaintiff alleged violations of his "civil and constitutional rights").

"State courts are equipped to furnish a plain, speedy, and efficient remedy if they provide a procedural vehicle that affords taxpayers the opportunity to raise their federal constitutional claims." *ANR Pipeline Co. v. Louisiana Tax Comm'n*, 646 F.3d 940, 947 (5th Cir. 2011). "Texas 'has a vast arsenal to assure orderly adjudication of [ ] serious federal constitutional [questions]' in state tax suits." *Gibson v. Dallas Cnty. Educ. Dist.*, 14 F.3d 54 (5th Cir. 1994) (alteration in original) (quoting *McQueen v. Bullock*, 907 F.2d 1544, 1550 (5th Cir. 1990)); *McQueen*, 907 F.2d at 1548 n.9 (explaining that the Fifth Circuit has "previously addressed the adequacy of Texas remedies under § 1341 and ha[s] found them to be 'plain, speedy and efficient'" and collecting cases).

North has a plain, speedy, and efficient remedy because Texas courts would allow him to adjudicate his federal constitutional claims. *See McQueen*, 907 F.2d at 1548 n.9;

*Gibson v. Dallas Cnty. Educ. Dist.*, 14 F.3d 54 (5th Cir. 1994). Accordingly, the TIA bars this Court from exercising jurisdiction over North's state tax claims. *See, e.g.*, *Gibson v. Dallas Cnty. Educ. Dist.*, 14 F.3d 54 (5th Cir. 1994) (suit by Texas taxpayers seeking a refund from state ad valorem taxes was barred by the TIA); *Hutchings v. Cnty. of Llano, Texas*, No. 20-50885, 2022 WL 3716483, at *1 (5th Cir. Aug. 29, 2022) (holding, *inter alia*, that the TIA barred the district court from considering a plaintiff's claim that "taxes were illegally assessed on his property" because "the Act applies to municipal as well as state taxes, and Texas courts are more than capable of adjudicating his claims"); *Clark v. Andrews Cnty. Appraisal Dist.*, 76 F. App'x 525, 526 (5th Cir. 2003) (holding that the TIA barred federal court from reviewing Fifth and Fourteenth Amendment claims in suit against county taxing authorities and explaining that plaintiffs "could adjudicate their claims fully in Texas state court"); *Thames Shipyard & Repair Co. v. Galveston Cent. Appraisal Dist.*, 299 F. App'x 328, 329 (5th Cir. 2008) (suit against appraisal district and appraisal review board to invalidate property tax assessment on federal constitutional and other grounds, for which plaintiff sought judgment that the property was not subject to taxation in Galveston County, Texas, was in substance a request for declaratory relief barred by the TIA).

### — *Municipal Liability Under 42 U.S.C. § 1983*

North has failed to state any claim under 42 U.S.C. § 1983 for municipal liability.

"Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). HCAD is a political subdivision of the state and so is

"amenable to suit[]" under Section 1983. Tex. Tax Code Ann. § 6.01(c) ("An appraisal district is a political subdivision of the state."); *Appling Cnty. v. Mun. Elec. Auth. of Georgia*, 621 F.2d 1301, 1308 (5th Cir. 1980) ("The Supreme Court's holding in *Monell* is that by enacting 42 U.S.C. s 1983, Congress intended to make municipalities and other political subdivisions amenable to suits brought under that section.")

A local government may not be sued under Section 1983 for the deprivation of rights guaranteed by the Constitution or federal law "inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see id.* at 691 ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory."). However, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," the government agency is liable under Section 1983. *Id.* at 694.

To state a claim under Section 1983, "a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

> "An official policy is either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents the municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority."

*McIntosh v. Smith*, 690 F. Supp. 2d 515, 530 (S.D. Tex. Feb. 2, 2010) (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).

Though North has alleged that his constitutional rights were violated, he does not plead any facts that describe an official policy promulgated by the municipal policymaker that was the moving force behind the violation of his constitutional rights. Accordingly, HCAD cannot be held liable under Section 1983.

## V.       Supplemental Jurisdiction

North asserts several causes of action under state laws. For example, he alleges that HCAD violated the Texas Deceptive Trade Practices-Consumer Protection Act, the "Uniform Commercial Code, Texas Penal Codes, Texas Business Codes, and Texas Tax Codes," and various specified sections of the Texas Penal Code. (Dkt. 6 at 11–25). He also appears to include several other claims that sound in state law, such as breach of contract, trespass, trust fraud, fraud, negligence, harassment, intimidation, coercion, and conspiracy. (Dkt. 6 at 1–2). Having dismissed all federal causes of action in this case, the Court will decline to exercise supplemental jurisdiction over North's state-law claims. Federal district courts have the discretion to decline to exercise supplemental jurisdiction over state-law claims; that discretion is guided by the statutory factors set forth in 28 U.S.C. § 1367(c) and the common-law factors of judicial economy, convenience, fairness, and comity. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

## CONCLUSION

Accordingly, for the reasons stated above the Court finds that HCAD's Motion to Dismiss (Dkt. 10) should be **GRANTED**. North's claims are **DISMISSED**.

SIGNED at Houston, Texas on August 27, 2024.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

12